# JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, SUCCESSOR BY MERGER TO CHASE HOME FINANCE, L.L.C., Plaintiff-Appellee,
# v.
# MICHAEL J. ACKLEY, APRIL ACKLEY and PARTIES IN POSSESSION, Defendants-Appellants.

## No. 3-144 / 12-1338
## COURT OF APPEALS OF IOWA
## Filed April 24, 2013

Appeal from the Iowa District Court for Tama County, Marsha A. Bergan, Judge.

Michael and April Ackley appeal the district court's grant of summary judgment in favor of JP Morgan Chase Bank. **AFFIRMED.**

David M. Loetz of Iowa Legal Aid, Ottumwa, for appellants.

Mark D. Walz and Elizabeth R. Meyer of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellee.

Heard by Vogel, P.J., and Vaitheswaran and Bower, JJ.

Page 2

**BOWER, J.**

Michael and April Ackley appeal the district court's grant of summary judgment in favor of JP Morgan Chase Bank in this foreclosure action. The Ackleys argue on appeal that summary judgment is precluded because of unclean hands on the part of JP Morgan Chase Bank. Because we find that the district court properly applied the law, and that no questions of material fact exist, we affirm.

## I. Background Facts and Proceedings

On June 14, 2010, JP Morgan Chase Bank (Chase) filed a foreclosure petition in district court. The petition alleged Michael and April Ackley executed a promissory note in the amount of $66,810, and to secure the debt executed a mortgage for the benefit of Weststar Mortgage, Inc. Chase is the successor in interest to Weststar Mortgage, Inc. The petition further alleged that because the Ackleys are in default, Chase has the right to foreclose upon the property. The Ackleys answered the petition on July 12, 2010, and raised various defenses. In this appeal the Ackleys claim Chase failed to comply with the Home Affordable Modification Program (HAMP) and therefore possessed unclean hands, precluding foreclosure.

Chase moved for summary judgment on January 30, 2012. The Ackleys resisted by arguing that Chase had failed to consider their eligibility under the HAMP, as required by the program. Michael Ackley provided an affidavit that Chase had failed to respond to any of his attempts to apply for relief under

Page 3

HAMP. The Ackleys also argued Chase lacked clean hands due to noncompliance with the National Mortgage Settlement (NMS).

On June 28, 2012, the district court granted Chase's motion for summary judgment. The court analyzed the Ackley's claim of unclean hands and determined they lacked standing under the HAMP and that the NMS did not apply.

## II. Standard of Review

We review the grant of summary judgment by the district court for errors at law. *Mueller v. Wellmark, Inc.*, 818 N.W.2d 244, 253 (Iowa 2012). "Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012). We view the evidence in the light most favorable to the non-moving party. *Mueller*, 818 N.W.2d at 253. When the motion is properly supported, however, the non-moving party is required to

establish genuine issues for trial by coming forward with specific facts. *Id.; see also* Iowa R. Civ. P. 1.981(5).

## III. Discussion

On appeal, the Ackleys argue they have raised a genuine issue of material fact. They contend there are questions as to Chase's actions concerning the HAMP and the NMS.

The doctrine of unclean hands rests on the principle that courts sitting in equity will not provide shelter or aid to a party who seeks the benefit of their own

Page 4

wrongdoing. *Opperman v. M. & I. Dehy, Inc.*, 644 N.W.2d 1, 6 (Iowa 2002).[1] "The maxim means that whenever a party who seeks to . . . obtain some equitable remedy has violated good conscience or good faith . . . the doors of equity will be shut." *Id.* (quoting 27A Am. Jur. 2d *Equity* §126, at 605 (1996)). To avail oneself of the defense, the bad conduct must have damaged or prejudiced the defensive party in some way. *Midwest Mgmt. Corp. v. Stephens*, 353 N.W.2d 76, 81 (Iowa 1984). "The defense of the clean hands doctrine is not favored by the courts." *Butler v. Butler*, 114 N.W.2d 595, 619 (Iowa 1962).

### A. HAMP

The Ackleys contend Chase has unclean hands because HAMP required Chase to consider their modification application, and their applications went unanswered. The district court determined the Ackleys lack standing to enforce the requirements of HAMP, and that Chase complied with the program.

A review of the record shows: On May 16, 2011, Chase sent Michael Ackley a letter indicating the modification application was incomplete and requested several documents that were needed before the application could be considered. A second letter was sent on June 16, 2011, to the same effect. On July 8, 2011, Chase again requested documents and information from the Ackleys. On August 31, 2011, Chase sent a fourth request indicating which documents were missing from the application and clearly stated the Ackleys were required to comply with the request by September 30, 2011, or they would lose their ability to participate in the program. Chase provided the district court with

Page 5

copies of a complete modification application, which was dated March 1, 2012.[2] In a letter dated April 6, 2012, Chase informed the Ackleys that they were not eligible for the program and denied their application. The letter provided additional options to avoid foreclosure.

Assuming without deciding the Ackleys are able to force compliance with HAMP, we find that Chase considered the modification application as required by HAMP and determined the Ackleys were not eligible.[3] Understanding that Chase has complied with HAMP, we cannot say Chase has acted in bad faith or in an unconscionable way. This is especially true in light of the Ackley's failure to timely provide, after several requests, a full and complete application. The record is clear that Chase gave the Ackleys multiple opportunities to provide the necessary documents before the motion for summary judgment was filed. After the motion was filed, Chase considered and denied the application. The Ackleys raise no question of material fact that Chase comes to our courts with unclean hands with regards to their compliance with HAMP. The district court's conclusion is correct.

Page 6

### B. NMS

The situation with the NMS is similar. The district court concluded the Ackleys lacked standing to raise noncompliance as a defense under the NMS. Without standing there would be no material question of fact as to the unclean hands of Chase.

The NMS provides for enforcement of its terms. *See United States v. Bank of America*

*Corp.*, Case 1:12-cv-00361-RMH, Exhibit E (J)(2), *retrieved from* http://www.justice.gov/opa/documents/chase-consent-judgement.pdf. "An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." *Id.* The Ackleys are not parties to the agreement. They have no right to enforce compliance with the NMS, which is what they seek to do. Accordingly, we affirm.

**AFFIRMED.**

--------

Notes:

[1] "Mortgage foreclosure proceedings are equitable in nature." *West Des Moines State Bank v. Pameco, Inc.*, 501 N.W.2d 555, 557 (Iowa Ct. App. 1993).

[2] We note the application was signed and dated by Michael Ackley after the motion for summary judgment was filed. For their part, the Ackleys have not provided applications dated before March 1, 2012. Evidence supporting their resistance to the motion for summary judgment is limited to an affidavit filed by Michael Ackley asserting that their modification applications have gone unanswered. No documents are included which support this assertion.

[3] Chase notified the Ackleys on November 3, 2009, that they might be eligible for a loan modification. There is no indication in the record that the Ackleys responded to this letter by providing Chase with documentation to support a loan modification.

--------

SARMAD HABIB, et al., Plaintiffs,
v.
BANK OF AMERICA, N.A., et al., Defendants.
Case No. 13-cv-10853
UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION
Dated: July 15, 2013

Honorable Gershwin A. Drain
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (#8)

I. INTRODUCTION

The instant matter was removed from the Circuit Court for the County of Macomb by Defendant, where a complaint was filed by Plaintiffs Sarmad Habib and Souad Habib (the "Habibs" or "Plaintiffs") against Bank of America, N.A. and Nationstar Mortgage, LLC[1]. Plaintiffs seek to challenge the foreclosure of a mortgage that encumbered property located at 7107 Tottenham, Shelby Township, Michigan (the "Property"). Plaintiffs bring four claims: quiet title, count I; breach of M.C.L. 600.3205c, count II; request for declaratory relief and for specific performance of consent judgment in national mortgage settlement (third party beneficiary), count III; and injunctive relief, count IV.

Page 2

Presently before the court is Defendant's Motion to Dismiss. This motion has been fully briefed, and the Court concludes that a hearing is unnecessary. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

II. FACTUAL BACKGROUND

On December 27, 2004, Plaintiff Sarmad Habib entered into a mortgage loan transaction (the "Loan") with Pulte Mortgage, LLC ("Pulte"). Plaintiff then executed a promissory note in the amount of $358,751.00 (the "Note") along with a mortgage ("Mortgage") that secured the Property in favor of Pulte nominee, Mortgage Electronic Registration Systems, Inc. ("MERS"). See Mot., Dkt. No. 8-5, Ex. D., pg. 2. On January 19, 2005, the mortgage was recorded in favor of MERS in Liber 16306, page 199 of the Macomb County Register of Deeds. See Id., Dkt. No. 8-6, Ex. E. On May 16, 2011, MERS assigned the Mortgage to BAC Home Loans Servicing, L.P. ("BACHLS"). On October 16, 2012, the servicing of the Loan was transferred to Nationstar Mortgage, LLC ("Nationstar"). See generally, Dkt. No. 8-8, Ex. 8.

It appears that Plaintiffs have experienced financial difficulties causing them to default on their obligations under the Mortgage and Note. See Dkt. No. 1, ¶ 8; see also Mot., Dkt. No. 8, pg. 10. Plaintiffs claim that Defendant denied them a loan modification intentionally precluding Plaintiffs from retaining possession of the Property.

III. LAW AND ANALYSIS

Page 3

A. STANDARD OF REVIEW

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,*

502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do

Page 4

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Id.* at 679.

B. MOTION TO DISMISS
1. Quiet Title

Plaintiffs argue that the Court should grant them legal title in the subject Property, award them damages, costs and attorney's fees as a result of Defendant's alleged denial of Plaintiffs' request for a loan modification. *See* Dkt. No. 1, ¶¶ 10,11, 19-23. Defendant argues that Plaintiffs have not provided any foundation for their allegations that the Court should Quiet Title to the Property free of the mortgage. *See* Mot., Dkt. No. 8, pg. 12. Defendant contends that Plaintiffs have not presented sufficient facts, such as proof that the loan has been paid in full or proof that title to the Property is clouded, that would demonstrate that they have superior title to the Property to sustain an action for Quiet Title. *See Id.* The Court agrees with the Defendant.

Plaintiffs have not alleged a Quiet Title claim that meets the requirements set forth in M.C.R. § 3.411. This rule requires that Plaintiffs properly allege their ownership interest in the property. M.C.R. § 3.411(B)(2) states the complaint must allege: (a) the interest the plaintiffs claim in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiffs' claim. To state it another way, Plaintiffs must show that they have title to the property superior to claims by others with an interest in the property. *Beaulah Hoagland Appelton Qualified Pers. Residence Trust v. Emmet County Road Comm'n*, 236 Mich. App. 546, 550 (1999).

If Plaintiffs succeed in making a *prima facie* case of title, the burden shifts to the

Page 5

Defendant to prove it has superior right or title. *Id.*

Here, Plaintiffs' and Defendant both correctly claim an interest in the property. Although Plaintiffs have failed to make timely payments, the foreclosure process has not been finalized, and they still owe a mortgage to Defendant on the subject Property. Plaintiffs have not satisfied the mortgage loan on the Property and Plaintiffs cannot show possession of superior title. Therefore, Count I of Plaintiffs' complaint is dismissed.

2. Breach of M.C.L. § 600.3205c

Plaintiffs urge the Court to grant them legal title to the subject Property, including damages and attorney fees as a result of Defendant's alleged failure to comply with M.C.L. § 600.3205c. *See* Dkt. No. 1, pgs. 13-14. Defendant correctly argues that the relief Plaintiffs seek is outside of the scope of available remedies provided for under § 600.3205c. *See Smith v. Bank of Am. Corp.*, 485 F. App'x 749, 756 (6th Cir. 2012).

Specifically, M.C.L. § 600.3205c provides in part:

> (8) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Furthermore, Plaintiffs reference general subsections of § 600.3205c and do not explain how Defendants violated the specific subsections mentioned. *See* Dkt. No. 1., pg.

Page 6

14. Plaintiffs generally allege that Defendant failed to complete the loan modification process and subsequently denied their request for a loan modification. Yet, Plaintiffs present the Court with no law supporting the proposition that M.C.L. § 600.3205c requires that Defendant provide them with a loan modification in order for Defendant to be in compliance with the statute. Regardless, in light of the undisputed facts, Defendant was entitled to move forward with the foreclosure process and its actions were not in violation of Michigan's modification statute. Even viewing the facts in the light most favorable to the Plaintiffs, no facts have been presented that would cause a reasonable trier of fact to find that Defendant violated M.C.L. § 600.3205c. Therefore, Count II is dismissed.

3. Request for Declaratory Relief and Specific Performance of Consent Judgment inNational Mortgage Settlement

Plaintiffs argue that they are in the class of borrowers who are beneficiaries of a Consent Judgment pursuant to a complaint filed in the United States District Court for the District of Columbia. Plaintiffs contend that as a result of the Consent Judgment, Defendant is obligated to provide Plaintiffs with a loan modification.

Conversely, Defendant states that Plaintiffs are not a party to the National Mortgage Settlement and cannot sue to enforce its terms as a third-party. Moreover, because Plaintiffs are a third-party to the Consent Judgment, Defendant also contends that Plaintiffs have no right to enforce a consent judgment such as the National Mortgage Settlement. In support of their proposition, Defendant points the Court to the United States Supreme Court case of *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975). In *Blue Chip Stamps,* the Court held as a general matter that consent judgments are "not enforceable

Page 7

directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." 421 U.S. 723, 750.

The Consent Judgment that Plaintiffs refer to resulted from a complaint filed by the United States Department of Justice and the attorneys general of forty-nine states and the District of Columbia against five mortgage servicers, including Defendant, alleging various foreclosure abuses in the case of *United States v. Bank of America, N.A., et al.,* Case No. 12-cv-00361 (D.D.C. Apr. 5, 2012). *See Rehbein v. CitiMortgage, Inc.,* Case No. 2:13cv65, 2013 U.S. Dist. LEXIS 49104, at * 13. The parties reached a settlement (the "National Mortgage Settlement") and the Consent Judgment

memorializes the standards agreed upon by the parties to protect homeowners. *Id.*

Plaintiffs cite no authority nor do Plaintiffs present any facts supporting their assertion that pursuant to the National Mortgage Settlement Defendant agreed to or is obligated to provide Plaintiffs with a loan modification. Consent judgments and decrees are "to be construed for enforcement purposes basically as a contract." *United States v. ITT Cont. Baking Co.*, 420 U.S. 223, 238 (1975)The Consent Judgment of the National Mortgage Settlement expressly provides that "obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia. An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." *See* Consent Judgment, https://d9klfgibkcquc.cloudfront.net/Consent_Judgment_BoA-4-11-12.pdf, ¶J. 1, 2.

Plaintiffs have not pled that they are parties to the National Mortgage Settlement nor have they shown that they are members of the Monitoring Committee. And even if Plaintiffs were parties, pursuant to the express language of the Consent Judgment, enforcement of

Page 8

the obligations under the agreement fall under the jurisdiction of the U.S. District Court for the District of Columbia. Accordingly, Count III of Plaintiffs' complaint is dismissed.

4. Injunctive Relief

Defendant argues that a claim for injunctive relief must be dismissed because injunctive relief is a remedy, not a cause of action. Defendant is correct. *See Terlecki v. Stewart*, 278 Mich. App. 644, 663 (2008); *See also Tann v. Chase Home Fin., L.L.C.*, Case No.10-14696, 2011 U.S. Dist. LEXIS 96026, 2011 WL 3799841, at *10 (E.D. Mich. Aug. 26, 2011) ("[P]laintiff cannot seek an injunction as a stand-alone cause of action; it is only available as an equitable remedy."). Therefore, because Plaintiffs cannot set forth an underlying cause of action against Defendant and injunctive relief is not an independent cause of action, Plaintiffs' request for injunctive relief must be dismissed.

IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss [#15] is GRANTED.

SO ORDERED.

_____
GERSHWIN A. DRAIN
United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 15, 2013, by electronic and/or ordinary mail.

_____
Tanya Bankston
Case Manager

---

Notes:

[1] Defendant, Nationstar Mortgage ("Nationstar") was never served with the Summons and copy of the Complaint. Therefore, Defendant Nationstar is dismissed from this action based on Plaintiffs' failure to timely serve Defendant.

--------